UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| GLENS COMMERCIAL CORP., | ) |
| | ) |
| Plaintiff, | ) Case No.: 6:17-cv-40 |
| | ) |
| v. | ) |
| DYNAMIC INDUSTRIES | ) |
| INTERNATIONAL, L.L.C. | ) |
| | ) |
| Defendant | ) JURY TRIAL |
| | ) |

## ORIGINAL COMPLAINT WITH JURY DEMAND

Plaintiff Glens Commercial Corp. ("Glens"), by and through its attorneys, brings this action against Defendant, Dynamic Industries International, L.L.C. ("Dynamic"), as follows:

## I. INTRODUCTION

The facts are straightforward: Glens seeks payment of at least $2 million for commissions earned on work that it made possible by fulfilling its obligations under the parties' written agreement. Dynamic has utterly failed to pay the amounts owing or provide any information in response to Glens' demands. The repeated demands in Glens' correspondence to Dynamic's CEO, Emile DumesnilDetri, has gone largely ignored. This lawsuit follows as a result.

## II. THE PARTIES

1. Glens is a corporation duly organized and existing under the laws of the Republic of Panama, with its representative located at 8th Floor, Berger House, 38 Berkeley Square, London, W1J.

2. Dynamic is a company in the business of providing fabrication, construction, commissioning, and maintenance services to the energy industry. It is a limited liability company duly organized and existing under the laws of the State of Louisiana, its principal place of business at 400 Poydras Street, Suite 1800, New Orleans, LA 70130, and on information and belief its members are all citizens of Louisiana. Dynamic may be served through its registered agent, Mark Mahfouz, who is located at 400 Poydras Street, Suite 1800, New Orleans, LA 70130.

### III.
### JURISDICTION AND VENUE

3. There is complete diversity of citizenship between the Plaintiff and Dynamic in this matter. The Plaintiff is a citizen of Panama, and Dynamic is a citizen of the State of Louisiana. The amount in dispute, exclusive of interest and costs, exceeds the sum of $75,000. Therefore, this Court has jurisdiction over this dispute by virtue of 28 U.S.C. § 1332.

4. This Court has personal jurisdiction over Dynamic because it conducts business in the State of Louisiana, is domiciled in Louisiana, and has committed the acts complained of within Louisiana. The parties have also expressly submitted to the jurisdiction of this Court by agreement.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) and (c).[1]

---

[1] Per the Sales Representative Agreement between Glens and Dynamic, the parties agreed to "irrevocably submit to the exclusive jurisdiction of the appropriate Federal and state courts located in Lafayette Parish, State of Louisiana, United States of America for the purpose of any suit, action or other proceeding permitted under the terms of this Agreement and to the extent permitted by applicable law, and each party hereby waives, and agrees not to assert, by way of motion, as a defense or otherwise, in any such suit, action or proceeding any claim that it is not personally subject to the jurisdiction of the above-named courts, that the suit, action or proceeding is brought in an inconvenient forum, that the venue of the suit, action or proceeding is important or that this Agreement or the subject matter hereof may not be enforce in or by such court." See Exhibit 1, Sales Representative Agreement, §17.

# IV.
# BACKGROUND

## A. The Agreement

6. On November 21, 2008, Glens and Dynamic entered into the Sales Representative Agreement (the "Agreement"), by which Dynamic hired Glens to act as Dynamic's non-exclusive sales representative to customers and potential customers ("Customers") in Angola (the "Territory").

7. Specifically, Glens agreed to use its efforts and extensive network of contacts to identify opportunities and secure contracts for Dynamic's performance of services in the Territory, in exchange for payment of commissions by Dynamic for jobs secured. Agmt., attached as Exhibit 1, §1(a). Glens worked directly with Dynamic's CEO to provide contacts and opportunities for Dynamic's business.

8. Dynamic's work for customers included the "[f]abrication, installation, and hook-up of offshore platforms and pipelines for the oil and gas industry" (the "Services"). See Exhibit 1, Ex. A (Additional Terms). It secured this work through Glens' fulfillment of its obligations under their Agreement.

9. Dynamic agreed to pay Glens commissions for its efforts, which would be based on the amount of invoices for Services performed by Dynamic (the "Commissions"). *Id.* §3. The parties agreed in writing to the jobs on which commissions would be paid. *Id.* Under the Agreement, within thirty (30) days of Dynamic's receipt of payment from Customers, Dynamic was required to (a) deliver to Glens a statement of Commissions earned for the month and (b) payment of any Commissions owed. *Id.* §6.

10. Glens identified and helped secure at least four different contracts on Dynamic's behalf.

B.  **Dynamic's Failure to Comply with its Contractual Obligations**

  *1.  Failure to Pay Commissions.*

11.  Since 2009, from the start of the parties' working relationship, Glens has issued numerous invoices to Dynamic for Commissions totaling at least $24,094,898.10.

12.  In late 2015 and in January 2016, Glens issued two invoices for Commissions which have remained outstanding for over a year, despite Dynamic's stated intention that it would pay. These invoices are No. 15305/GC (dated December 7, 2015) in the amount of US$1,200,000 and No. 16337/GC (dated January 18, 2016) in the amount of US$750,000—or a total of US$1,950,000. See Invoices, attached as Exhibit 2. This unpaid amount gives rise to Glens' claims here.

13.  When pressed for payment of these invoices, Dynamic responded only that it needed to review Glens' books and records to ensure Glens' compliance with the Agreement's provisions, including compliance with anti-corruption laws.

14.  Without hesitation and in full transparency, Glens made its books and records available to Dynamic's representative for review in London at Dynamic's convenience. Dynamic's representative came in person to London and spent an entire day reviewing the books and records. At the end of his review, the Dynamic representative pronounced that all was in order and that he would report back to Dynamic's Board accordingly.

15.  Nonetheless, the amounts owing remain outstanding. Despite Glens' repeated demands, Dynamic continues to stonewall and demand information that it has already reviewed. It appears that Dynamic's intention is only to evade payment entirely.

### *2.      Failure to Provide Information.*

16. Dynamic has also refused to fully disclose the amounts it has received for Services provided within the Territory since March 2015. It is required to disclose this information under the Agreement.

17. Glens needs this information to ascertain if Dynamic has failed to pay other amounts owing under the Agreement. Although Glens is plainly entitled to this information under the Agreement, Dynamic has failed to provide a statement of Commissions since March 2015, despite its contractual obligations. *See* Ex. 1, §6.

## V.
## CAUSES OF ACTION

### Count One:   Breach of Contract[2]

18. Glens repeats and incorporates by reference paragraphs 1-17.

19. Glens and Dynamic entered into the Agreement, which provided clear obligations and benefits to both Glens and Dynamic.

20. Glens fulfilled its obligations under the Agreement in all respects, including assisting in identifying business opportunities and securing contracts for the performance of Services by Dynamic within the Territory.

21. Dynamic was obligated to pay Commissions to Glens for its services in identifying opportunities and securing contracts. Indeed, Dynamic has secured at least four contracts based on information received from Glens.

---

[2] Per the Agreement between Glens and Dynamic, the laws of Louisiana shall govern a dispute between the parties. Exhibit 1, §17.

22. However, to date, Dynamic has breached its obligations to Glens by failing to pay Commissions in the amount of, at a minimum, $1,950,000 under Invoices 15305/GC and 16337/GC. Glens has been damaged by Dynamic's failure to pay as agreed.

23. Dynamic has also breached its obligations under the Agreement by failing to deliver to Glens a statement setting forth the amount of Commissions earned each month since March 2015.

24. Glens has fully performed all conditions precedent under the Agreement.

### Count Two:   Louisiana Open Account Statute

25. Glens repeats and incorporates by reference paragraphs 1-24.

26. In the alternative, the arrangement between Glens and Dynamic can be viewed as an open account under Louisiana law.

27. Glens made amicable demand to Dynamic via correspondence dated March 31, 2016, which included specific amounts due to Glens by Dynamic. Alternatively, this Complaint serves as a written demand for the $1,950,000 due under Invoices 15305/GC and 16337/GC.

28. Since Dynamic has failed to pay the amount legally owed, Dynamic has violated Louisiana's Open Account Statute, La. R.S. 9:2871.

29. As such, Glens is entitled to recover interest, reasonable attorneys' fees, and costs.

### Count Three: Detrimental Reliance

30. Glens repeats and incorporates by reference paragraphs 1-29.

31. Dynamic promised to compensate Glens for its efforts to identify opportunities and secure contracts for Dynamic's performance of service.

32. By making such a promise, Dynamic knew or should have known that Glens would rely on that representation to its detriment and expend resources based upon same.

33. Glens reasonably relied upon Dynamic's promise to compensate Glens for its services by identifying opportunities and securing contracts for Dynamic's performance of service.

34. In the alternative, and in the event that the Court finds that Glens is not entitled to recover from Dynamic for breach of contract or violation of the open account statute, Glens is entitled to recover the damages it has incurred due to its reliance upon Dynamic's representation.

### Count Four: Unjust Enrichment

35. Glens repeats and incorporates by reference paragraphs 1-34.

36. In the alternative, and in the event that the Court finds that Glens is not entitled to recover from Dynamic from breach of contract or violation of the open account statute, Glens used its efforts and extensive network of contacts to identify opportunities and secure contracts for Dynamic's performance of services.

37. Dynamic has been unjustly enriched at the expense of Glens and Glens is entitled to recover the amount of said enrichment.

### Count Five: Accounting (Dynamic)

38. Glens repeats and incorporates by reference paragraphs 1-37.

39. At this time, Glens is unable to appreciate the full amount of its damages due to Dynamic's refusal to disclose the amount of revenue it has generated for Services within the Territory based on the introductions made by Glens.

40. Therefore, to accurately assess its damages and in aid of the court's judgment, Glens requests an accounting of the invoices issued by Dynamic and the amounts paid on those invoices for Services performed in the Territory from March 2015 to the present.

## JURY DEMAND

41. Glens requests that this matter be tried by jury.

## PRAYER FOR RELIEF

For these reasons, Plaintiff Glens Commercial Corp. asks for judgment against defendant for the following:

a. Actual damages of at least $1,950,000;

b. An accounting from Dynamic Industries International, L.L.C. for all Services performed within the Territory under the Sales Representative Agreement from March 2015 to the present;

c. Reasonable attorney's fees;

d. Pre- and post-judgment interest;

e. Trial by jury; and

f. Any other relief to which Glens Commercial Corp. is justly entitled.

Respectfully submitted

**KEAN MILLER LLP**

By: _____
**BRADLEY J. SCHLOTTERER, (#24211)
SEAN T. McLAUGHLIN (#31870)
ZOE VERMEULEN (#34804)**
First Bank and Trust Tower
909 Poydras Street, Suite 3600
New Orleans, LA 70112
Telephone: (504) 585-3050
Facsimile: (504) 585-3051

*Pro Hac Vice Admission Will be Applied For*

Christina E. Ponig
Texas Bar No. 24041706
Southern District of Texas No.: 600217
Allissa A.R. Pollard
Texas Bar No. 24065915
Southern District of Texas No: 982820

**DLA PIPER LLP (US)**
1000 Louisiana Street, Suite 2800
Houston, TX 77002-5005
Tel: 713.425.8400
Fax: 713.425.8401
**ATTORNEYS FOR GLENS COMMERCIAL CORP.**

Dated: January 11, 2017